UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ELIDO COLLADO, on behalf of himself and others similarly situated,

                            Plaintiff,

-against-

JS FOOD & GROCERY CORP., EL CHIQUITO MINI MARKET CORP., EL CHIQUITO DELI & GROCERY INC., EL CHIQUITO DELI GROCERY NY CORP., and RAFAEL SUSANA,

                            Defendants.
-------------------------------------------------------------------------X

Civil Action No.:

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, Elido Collado ("Plaintiff"), on behalf of himself and others similarly situated, by his attorneys, Law Offices of Yale Pollack, P.C., as and for his Complaint against Defendants, JS Food & Grocery Corp., El Chiquito Mini Market Corp., El Chiquito Deli & Grocery Inc., El Chiquito Deli Grocery NY Corp. and Rafael Susana (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, on behalf of himself and others similarly situated, brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA") for the failure of Defendants to pay Plaintiff proper wages during the time he worked for Defendants. Plaintiff, on behalf of himself and others similarly situated, seeks all unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 *et seq.* (the "NYLL"), and 12 N.Y.C.R.R.

§146. Plaintiff seeks all unpaid wages, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants are within the Eastern District.

## PARTIES

6. Plaintiff is an individual who resides in the County of Nassau, State of New York.

7. Upon information and belief, Defendant JS Food & Grocery Corp. ("JS") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Nassau, State of New York.

8. Upon information and belief, Defendant El Chiquito Mini Market Corp. ("ECMM") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Suffolk, State of New York.

9. Upon information and belief, Defendant El Chiquito Deli & Grocery Inc ("ECDG") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Nassau, State of New York.

10. Upon information and belief, Defendant El Chiquito Deli Grocery NY Corp. ("ECDGNY") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Nassau, State of New York.

11. Upon information and belief, Defendant Rafael Susana ("Susana") is an individual who resides in the County of Nassau, State of New York.

12. Susana is an officer, director, manager and/or shareholder or owner of JS, ECMM, ECDG and ECDGNY (collectively the "Corporate Defendants") and, being among the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law. NYBSC § 630(a).

13. At all relevant times, Susana had the power to hire, fire, and control the wages and working conditions of Plaintiff.

14. Susana had authority to, and did in fact, exercise operational control over the Corporate Defendants.

15. Susana set the manner by which Plaintiff would work while employed by the Corporate Defendants, including making the decision to pay him a salary instead of hourly wage during his employment with Defendants.

16. At all relevant times, Defendants were covered by the FLSA and the NYLL.

17. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203 in that they have employees engaged in commerce or in the production of goods and/or services for commerce, and/or have employees handling, selling, or otherwise working on goods, materials and/or services that have been moved in or produced for commerce by any person, with gross volume of sales made or business done of not less than $500,000 per year.

18. At all relevant times, Plaintiff engaged in commerce and/or engaged in the

production of goods and/or services for commerce on behalf of Defendants.

19. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

20. Plaintiff commenced her employment with Defendants in 2016.

21. During his employment, Plaintiff served as a clerk in Defendants' deli, preparing food, cleaning and performing other clerical work in the store.

22. From the commencement of Plaintiff's employment until Defendants terminated his employment on July 29, 2023, Plaintiff worked Mondays through Saturdays from 12:00 p.m. until 9:30 p.m. daily.

23. In exchange for his services, Plaintiff was paid approximately $1,000.00 weekly, which was intended to cover the first forty hours of his workweeks.

24. Payment to Plaintiff was made by Defendants in cash.

25. Plaintiff never received time and a half for hours worked in excess of forty per week.

26. Each of the Corporate Defendants issued Plaintiff a W-2 during his employment.

27. A more precise statement of the hours Plaintiff worked, and wages Plaintiff received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and others similarly situated, which shall include:

> All persons who work or worked for Defendants as non-exempt employees from three (3) years prior to the filing of the original

>Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

29. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages.

30. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

31. Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## COUNT ONE
### (Failure to Pay Overtime Wages – FLSA)

32. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

33. The FLSA requires that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

34. During his employment, Plaintiff received $1,000.00 weekly, without any premium

pay for hours worked in excess of forty (40) per workweek.

35. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective the required overtime wages to which she is entitled.

36. Plaintiff and the FLSA Collective seek damages for their unpaid overtimes wages, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT TWO
### (Failure to Pay Overtime Wages - NYLL)

37. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

38. The NYLL requires that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

39. During his employment, Plaintiff received $1,000.00 weekly, without any premium pay for hours worked in excess of forty (40) per workweek.

40. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which she is entitled.

41. Plaintiff seeks damages for her unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT THREE
### (Wage Notice Violation)

42. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully

set forth herein.

43. Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

44. Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

## COUNT FOUR
### (Wage Statement Violation)

45. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

46. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

7

regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

47. Due to Defendants' violations of NYLL §195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited Liability Company Law ("LLCL") §609, Plaintiff hereby advises that it intends to hold the Corporate Defendants' top ten shareholders and/or members liable for the unpaid wages referenced herein. Further, Plaintiff demands that the Corporate Defendants permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the FLSA Collective pray for relief as follows:

A. Damages for all amounts of unpaid wages under the FLSA and/or the NYLL;

B. All liquidated damages in an amount equal to wages owed and other statutory remedies provided for under the FLSA and/or NYLL;

C. Pre- and post-judgment interest;

D. Reasonable costs and attorneys' fees; and

  E. An award of such other and further relief as this Court deems necessary and proper.

Dated: September 6, 2023
    Syosset, New York

            Respectfully submitted,
            **LAW OFFICES OF YALE POLLACK, P.C.**

            By: _____
              Yale Pollack, Esq.
            *Attorneys for Plaintiff and the FLSA Collective*
            66 Split Rock Road
            Syosset, New York 11791
            (516) 634-6340
            ypollack@yalepollacklaw.com